UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>EARL K. HARTSELL, JR., Revenue Officer,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>MICHAEL J. PANZO,<br><br>　　　　Respondent. | CASE NO. 09-5945-CRB<br><br>[proposed]<br><br>ORDER ENFORCING<br>IRS SUMMONS |

This matter is before the court on an order to show cause why respondent Michael J. Panzo should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons. Mr. Panzo did not file any papers in response to the order to show cause. Nor did he present any evidence or arguments precluding enforcement of the summons. Having considered the moving papers and all other evidence of record, this court concludes that the petition should be GRANTED.

**I. BACKGROUND**

According to the petition, the IRS is conducting an investigation to ascertain and collect tax liabilities of respondent for the calendar years 2007 and 2008. (Pet. ¶ 3). Petitioners believe that respondent has possession and control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control. (See id. ¶ 5). As part of its investigation, petitioners served a summons on respondent; and, the record

before the court shows that service properly was made pursuant to 26 U.S.C. § 7603.  On August 27, 2009, petitioner Hartsell personally served a summons on respondent requesting his appearance on September 10, 2009.  (See id. ¶ 6 and Ex. A).  According to the petition, respondent requested an extension on September 10, 2009, to allow him to appear on September 14, 2009.  (See id. ¶ 8 and Ex. B).  Respondent did not appear on September 14, 2009.  (See id. ¶ 6 and Ex. B).  When respondent failed to appear, he was given another opportunity to appear and comply on October 26, 2009.  Respondent again failed to appear. (See id.¶¶ 8-10 and Ex. B).

On December 18, 2009, petitioners filed the instant verified petition to enforce the summons.  On January 27, 2010, this court issued an order to show cause, setting a hearing for March 26, 2010.  Petitioners have submitted evidence showing that the order to show cause and verified petition were served on respondent on February 12, 2010.  (See Docket #8).  However, Mr. Panzo never filed a written response to the order to show cause or the verified petition.[1]

## II. DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability.  Summonses may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or. . . collecting any such liability."  26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)).  To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code.  United States v. Powell, 379 U.S. 48 57-58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell

---

[1] If the person summoned neither challenges allegations in the complaint nor raises proper affirmative defenses, no evidentiary hearing is required; the matter can be decided on the written record.  Fortney v. United States, 59 F.3d 117, 120-21 (9th Cir 1995); United States v. First National Bank of Mitchell, 691 F.2d 386, 387, n. 3 (8th Cir. 1982).

*[Proposed] ORDER*
*Case No. 09-cv-5945-CRB*                2

1 | requirements have been met." Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc.,
2 | 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal because the statute must be read
3 | broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." Id.
4 | (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985)).

5 |      Once the government has met its burden in establishing the Powell elements, if the
6 | taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of
7 | process or lack of good faith on the part of the IRS.  Indeed, "[e]nforcement of a summons is
8 | generally a summary proceeding to which a taxpayer has few defenses."  Crystal, 172 F.3d at
9 | 1144 (quoting United States v. Den, 968 F.2d 943, 945 (9th Cir. 1992)).  "The taxpayer must
10 | allege specific facts and evidence to support his allegations of bad faith or improper purpose."
11 | Id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)).  As explained by the
12 | Ninth Circuit:

13 |         The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the Powell requirements or abuse of
14 | the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to
15 | put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it
16 | has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution would be an improper
17 | purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the
18 | Powell elements nor the LaSalle requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is
19 | whether the Service is pursuing the authorized purposes in good faith.

20 | Id. at 1144-45 (internal quotes and citations omitted).

21 |     While the government's burden is not great, it is not necessarily satisfied by an agent's
22 | mere assertion of relevance.  United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980).
23 | Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks
24 | information relevant to a legitimate investigative purpose, and the court may choose either to
25 | refuse enforcement or narrow the scope of the summons.  Id. at 668.
26 |      In the instant case, petitioners have met their initial burden of showing that the Powell
27 | elements have been satisfied, largely through the verification of the petition by Revenue Officer
28 | Hartsell.  See Crystal, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the

Powell requirements and that the government therefore "established a prima facie case to enforce the summonses"); Dynavac, Inc., 6 F.3d at 1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."); United States v. Bell, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the requisite *prima facie* showing by affidavit of the agent."); United States v. Reed, 105 A.F.T.R.2d (RIA) 862 (N.D. Cal. 2009) (same).

    Here, the verified petition indicates that the IRS's investigation is being conducted for the legitimate purpose of ascertaining and collecting respondent's federal tax liabilities for certain periods of time. (See Pet. ¶¶ 3, 5, and 7). The summons is relevant to that purpose. It indicates that respondent has unpaid tax liabilities for the calendar years 2007 and 2008. The summons asks him to appear and bring with him documents pertaining to his assets and liabilities (e.g., bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit, current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies). (See id. Ex. A). The petition further indicates that the information is not already in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and that all administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken. (See Pet. ¶¶ 5, 7, 11, 12 and Exs. A and B).

    Although the record presented demonstrates that respondent was duly served with notice of these proceedings, he failed to respond at all to the verified petition or the court's order to show cause. Accordingly, he has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS, and this court finds that the verified petition to enforce the IRS summons be GRANTED.

    Accordingly, the petition is hereby GRANTED, and respondent is hereby ORDERED to appear before Revenue Officer Hartsell, or any designated agent, on or before May 12, 2010, at 9:00 a.m., at the Offices of the Internal Revenue Service, 777 Sonoma Avenue, Room 112, Santa Rosa, California, 95404, and then and there give testimony relating to the matters described in the subject Internal Revenue Service summons, and produce for the Revenue Officer's

1  inspection and copying the records described in the Internal Revenue Service summons.

2  Failure to comply with the instant order may be grounds for a finding of contempt.

3  See, e.g., United States v. Ayres, 166 F.3d 991, 994-96 (9th Cir. 1999) (affirming finding of

4  contempt, where party failed to comply with court order directing him to provide testimony

5  and produce records to IRS).

6  Petitioners are instructed to promptly serve a copy of this Order on respondent and to file

7  a proof of service with the court.

8  IT IS SO ORDERED.

9  Dated: March  26  2010

10  _____
    CHARLES R. BREYER
    United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*[Proposed] ORDER*
*Case No. 09-cv-5945-CRB*                5